IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. BLANCHARD, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-08-2115 |
| | : (Judge Caldwell) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Richard L. Blanchard, a federal inmate, has filed a Motion for Appointment of Counsel and a Motion to Expedite Discovery.[1] We recently authorized service of his complaint.[2] For the following reasons, both motions will be denied.

---

[1] Plaintiff is an inmate, but he is not indigent. The Inmate Account Statement he filed at the outset of this litigation showed that his average monthly prison account balance was $6,448.66. (*See* Doc. 13). He does not proceed in forma pauperis.

[2] In that complaint, Plaintiff alleges that he was denied prescription medication to treat his acid reflux condition. Instead, medical staff defendants advised him to purchase over-the-counter medication available at the institution's commissary. Dissatisfied with the lack of prescription medication, Blanchard avers he utilized the Bureau of Prison's administrative-remedy procedures to no avail.

II.     *Motion for Appointment of Counsel*

Blanchard seeks court-appointed counsel as he believes his lawsuit concerns "complex matters . . . some of [which] will cross over into criminal law," thus necessitating a trained legal representative to assist him.  (Doc. 5, Motion for Counsel). Blanchard also expresses concern that the stress of managing his own litigation may have a negative impact on his health.  (*Id.*) Blanchard suffers from periphery artery disease, diabetes, hypertension, and ulcers.  (Doc. 6, Brief in Support of Motion for Counsel).  Plaintiff also had a "mini-stroke" three years ago. (*Id.*)  Finally, Blanchard states that if counsel is not appointed by the court he has someone on "standby," (*id.*), Attorney Jeffrey Dohrmann of Williamsport, Pennsylvania, who has not yet been retained by Blanchard because Plaintiff first wants to see if this motion is successful.  (*Id.*)

We will deny the motion for appointment of counsel because our authority for doing so is 28 U.S.C. § 1915(e)(1), which allows us ask a lawyer to represent "any person unable to afford counsel."  Plaintiff is not indigent so this statutory section does not apply.

Even if we were to apply section 1915(e)(1), we would not seek counsel for Plaintiff.  First, he already has a lawyer apparently ready to represent him.  Second, Plaintiff's case does

not satisfy the criteria we must use to decide if counsel should be appointed.

Although pro se litigants in a civil case have no constitutional or statutory right to appointment of counsel, the Court does have broad discretionary power to request represent an *indigent* civil litigant under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)(emphasis added). Appointment of counsel under § 1915(e) is permissible only upon a showing of "exceptional circumstances." *Id*. at 154. As a threshold question, we must look at "the merits of the plaintiff's claim." *Id.* at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointment of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*. Further, under *Tabron*, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues"; "the degree to which factual investigation will be required and the ability of the indigent

plaintiff to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf.  *Id*. at 156, 157 n.5; *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Moreover, the *Tabron* court held that the "appointment of counsel . . . may be made at any point in the litigation and may be made by the district court *sua sponte*."  *Id*. at 156.  Finally, the *Tabron* court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n.6, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is extremely valuable.  Hence district courts should not request counsel under § 1915(d) indiscriminately.  As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id*. at 157.

Applying the relevant *Tabron* factors to Blanchard's motion means the request for counsel should be denied.  Blanchard

-4-

has not adequately demonstrated that the factual and legal issues presented in this case are so complex as to warrant appointment of counsel.  No criminal issues appear to be involved as first anticipated by Blanchard.  It appears that Blanchard has the threshold ability to articulate his claims and to argue his position, and that he is able to communicate effectively with the Court.  Additionally, the fact that he sought out, and found counsel, who is on "standby" should we deny his request for counsel further negates his present need for court-appointed counsel.  Presently, Blanchard stands in the same shoes of every other inmate litigant; he is incarcerated, but that alone does not dictate the appointment of counsel.  Any concern over Blanchard's inexperience as a litigant is unnecessary as his pleadings are measured against the liberal construction of *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  As for Blanchard's concerns for his health should he continue to represent himself in this matter, these issues can only be resolved by Blanchard himself.  If he needs additional time to respond to court imposed deadlines, discovery or dispositive in nature, he simply needs to file the appropriate motions explaining what relief he seeks and why it is needed.  If he is physically unable to proceed in this matter, he may also

consider privately enlisting Attorney Dohrmann's services, earlier than trial.

Thus we will deny Plaintiff's Motion for Appointment of Counsel.

III.  *Motion to Expedite Discovery Deadline*

Blanchard seeks an expedited discovery period, claiming that defendants have long neglected his health-care needs and that any delay in his access to his medical records or the resolution of this matter would cause him further harm.  As the defendants have only recently been served with the complaint, the court is not disposed to set discovery or dispositive-motions deadlines until defendants have filed a response.  Thus Blanchard's motion to expedite discovery will be denied.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 16, 2009

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD L. BLANCHARD,           :
                                :
     Plaintiff                  :
                                :   CIVIL NO. 1:CV-08-2115
     vs.                        :
                                :   (Judge Caldwell)
FEDERAL BUREAU OF PRISONS,      :
et al.,                         :
                                :
     Defendants                 :
```

*O R D E R*

AND NOW, this 16th day of March, 2009, it is Ordered that:

    1. Plaintiff's Motion for Appointment of Counsel (doc. 5) is denied.

    2. Plaintiff's Motion to Expedite Discovery (doc. 7) is denied.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge